UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMAINE S. EWING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV1201 AGF |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's "motion to disqualify judge." Petitioner requests that the Court recuse itself from this matter because the Court has previously denied a prior habeas corpus petition brought by petitioner, in addition to denying his previous request for expansion of the record. See Ewing v. Steele, 4:09CV393 AGF (E.D. Mo.). Petitioner offers no other basis for showing that the Court has failed to treat his cases with impartiality.

A judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" she must recuse herself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" Moran, 296 F.3d at 648 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant–section 455(a) sets an objective

standard that does not require scienter." Id. (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" Id. (quoting In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1358 (8th Cir. 1996)). However, "'[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" Id. (quoting Harris v. Missouri, 960 F.2d 738, 740 (8th Cir.1992)).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985).

Petitioner's motion for recusal is not well-taken. Petitioner's allegations regarding the Court's bias are conclusory and are not supported by any facts.[1] As a result, the motion will be denied.

---

[1] Petitioner asserts that the Court has no basis for requiring him to amend his application for habeas corpus on a Court form, despite the Court's citation to both this Court's Local Rule 2.06(A) and Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's citation to Missouri State Court Rules as a basis for his arguments, particularly Rule 91.06, are unavailing, as these rules have no bearing in the Federal Courts.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "motion to disqualify judge" [#4] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to both this Court's Local Rule 2.06(A) and Rule 2(d) of the Federal Rules Governing Section 2254 Cases, petitioner is required to amend his petition for writ of habeas corpus on a court-provided form within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Memorandum and Order, the Court will dismiss his petition without prejudice.

Dated this 13th day of August, 2012.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE