# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE S. EWING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1201 AGF |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The motion will be granted.

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 2, 2012. On September 28, 2012, the Court dismissed the petition pursuant to Fed.R.Civ.P. 41(b). Petitioner filed a motion for "rehearing," which the Court construed as a motion for reconsideration brought pursuant to Fed.R.Civ.P. 60, on October 2, 2012.[1] In his motion for rehearing, petitioner seemed increasingly confused as to whether state or federal law applied to the matter at hand. Although the

---

[1] Petitioner placed his motion in the prison mail system on October 2, 2012. However, it was not received and docketed by this Court until October 9, 2012. Under the prison mailbox rule, the Court will accept the document as having been filed on the 2nd of October.

Court took great pains to address petitioner's arguments, his motion was nevertheless denied on November 19, 2012. Petitioner filed his motion for extension of time to file his notice of appeal on January 16, 2013.[2]

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, petitioner's notice of appeal had to be filed no later than thirty (30) days after entry of the judgment. However, pursuant to Rule 4(a)(4)(A), certain post-dismissal motions have an effect on the time for filing a notice of appeal. In this case, as noted above, petitioner filed a motion for "rehearing" on October 2, 2012, which the Court construed as a motion for reconsideration under Fed.R.Civ.P. 60. Pursuant to Fed.R.App.P. 4(a)(4)(A)(vi), the time to file an appeal runs from the entry of the order disposing of a motion filed pursuant to Fed.R.Civ.P.60.[3] The Court denied petitioner's motion on November 19, 2012. Thus, petitioner's notice of appeal was due to the Court no later than December 19, 2012.

---

[2]Petitioner's motion for extension of time to file a notice of appeal was filed in this Court on January 22, 2013. However, the Court presumes that petitioner placed his motion in the prison mail system on January 16, 2013, the date noted on petitioner's motion. The Court considers the date the motion was placed in the prison mail system to be the date the motion was filed. See Fed.R.App. P. 4(c).

[3]For this Rule to apply, the motion cannot be filed any later than twenty-eight (28) days after the judgment was entered. As such, petitioner's later motions for relief from judgment, which were filed more than twenty-eight (28) days past the September 28, 2012 Order of Dismissal, have no bearing on the time for filing a notice of appeal.

Under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, this Court may extend the time for filing a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and if the "party shows excusable neglect or good cause." "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). The United States Court of Appeals for the Eighth Circuit has counseled that pro se appellants may be given "special consideration . . . regarding their notices of appeal." Weekley v. Jones, 927 F.2d 382, 386 (8th Cir. 1991).

Assuming that petitioner placed his motion for extension of time in the prison mail system on January 16, 2013, the date noted on the motion, then his motion was timely filed under Rule 4(a)(5)(A).[4] Although in his motion, petitioner fails to assert a specific reason why he should be granted additional time, the Court finds that petitioner's general confusion throughout this litigation as to the application of state versus federal law, as well as his pro se status, provides the good cause necessitated under the Rule. As a result, the motion will be granted.

---

[4] Application of Rule 4(a)(5)(A) allowed for a timely motion for extension of time to be filed no later than January 18, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure [#16] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's notice of appeal must be filed **no later than fourteen (14) days from the date of this Memorandum and Order**.

**IT IS HEREBY ORDERED** that petitioner's request to proceed in forma pauperis on appeal is **GRANTED** pending receipt of petitioner's notice of appeal.

Dated this 25th day of January, 2013.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE